IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40098
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMON RAMOS-ALVARADO, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-36
USDC No. 2:04-CR-674-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramon Ramos-Alvarado, Jr., federal prisoner # 41413-179, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his 2005 conviction for possession with intent to distribute cocaine. Ramos-Alvarado contends that his counsel was ineffective for inducing his plea with the promise of a lesser sentence, for telling him to lie to during debriefing, and for failing to file a requested notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also argues that his plea agreement was invalid and that the district court never ruled on his request for a guidelines adjustment, impermissibly conducted its own debrief, failed to consider his fear of retaliation, failed to hold an evidentiary hearing, and failed to strike the Government's response as untimely.

Ramos-Alvarado has made a substantial showing of the denial of a constitutional right regarding the contention that counsel was ineffective for failing to file a notice of appeal. See 28 U.S.C. § 2253(c)(2); United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). The record does not conclusively indicate that Ramos-Alvarado did not ask counsel to file a notice of appeal, making an evidentiary hearing on that issue necessary. See Tapp, 491 F.3d at 266. A COA is granted solely on the issue whether counsel was ineffective for failing to file a notice of appeal. The district court's judgment is vacated and the case is remanded for further development on that issue. Ramos-Alvarado has failed to make the showing necessary to obtain a COA on his remaining issues. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

COA GRANTED IN PART; COA DENIED IN PART; VACATED AND REMANDED.